

**ORDERED in the Southern District of Florida on June 16, 2015.**

                                                                       Robert A. Mark, Judge
                                                                       United States Bankruptcy Court

_____

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| In re: | CASE NO. 14-11318-RAM |
| | CHAPTER 13 |
| JOSE ANTONIO CALZADILLA and DIGNA M. ESPINOSA, | |
| Debtors. | |

ORDER DENYING MOTION
TO MODIFY AND INTERPRETING
<u>MEANING OF "SURRENDER" IN CHAPTER 13 PLANS</u>

     The Debtors in this chapter 13 case confirmed a plan that contemplated modification of their mortgage with U.S. Bank National Association ("U.S. Bank"). The Debtors pursued this

modification under the Court's Mortgage Modification Mediation Program Procedures (the "MMM Procedures") adopted by this court's Administrative Order 14-03.  Under the court's MMM Procedures, if mediation is unsuccessful, a debtor must amend the plan to conform to the lender's proof of claim or provide that the real property subject of the mortgage will be "surrendered."  In this case, the mediation failed.  This Order will (1) confirm that a modified plan filed after a failed mediation must provide for surrender, not just stay relief; and (2) clarify that by surrendering the property under the plan, the Debtors cannot return to state court and contest the lender's right to complete its foreclosure.

### **Factual and Procedural Background**

The Debtors filed their chapter 13 petition on January 21, 2014.  Their house located at 12910 SW 82nd Street, Miami, Florida (the "House") is subject to a first mortgage held by U.S. Bank.  The Debtors' Second Amended Plan (the "Plan") [DE# 63], filed on April 23, 2014, was confirmed on May 20, 2014 [DE# 75].  The Plan provided for mediation of the U.S. Bank mortgage and included language required by Section X.B. of the Court's MMM Procedures.  Specifically, the Plan states as follows:

> If the Lender and the Debtors fail to reach a settlement; then no later than 14 calendar days after the Mediator's Final Report is filed, the Debtors will amend or modify the

> plan to (a) conform to the Lender's Proof of Claim ... or (b) provide that the real property will be <u>surrendered</u>. If the amended or modified plan provides that the real property is to be <u>surrendered</u>, then the obligations to the Lender will be considered "treated outside the plan" and the Lender shall have in rem relief from the automatic stay as to the real property being <u>surrendered</u>.

DE# 63 (emphasis added).

U.S. Bank and the Debtor participated in mediation but did not reach an agreement. *See* Final Report of Mediator, March 2, 2015 [DE# 94]. The failure to reach an agreement triggered the Debtors' obligation to modify the Plan to conform to the above-quoted language in the Plan.

On March 10, 2015, the Debtors filed a Motion to Modify Plan [DE# 95] and a Second Modified Plan [DE# 110]. The Second Modified Plan proposes to pay <u>$15,609.83</u> in month 15 to U.S. Bank, which represents the adequate protection payments made prior to the unsuccessful mediation. The Second Modified Plan does not include a "surrender" provision. Instead, it simply says that U.S. Bank "is outside the plan with consent to stay relief" [DE# 110, p. 2].

U.S. Bank filed a Response to Debtors' Motion to Modify Chapter 13 Plan and Limited Objection to the Debtors' Proposed Second Modified Plan ("U.S. Bank's Objection") [DE# 116]. U.S. Bank's Objection argues that the Second Modified Plan fails to

3

comply with the MMM Procedures because it fails to "surrender" the Home.

The Court conducted a hearing on the Motion to Modify Plan on June 9, 2015. At the hearing, the Debtors argued that the Second Modified Plan complies with the MMM Procedures because treating the mortgage outside of the plan and consenting to stay relief is the same thing as "surrender." U.S. Bank challenged this assertion arguing that (1) the MMM Procedures specifically require "surrender;" and (2) consent to stay relief is not the same as surrender because a debtor surrendering real property in a chapter 13 case may not contest the lender's right to conclude its foreclosure. The Court agrees with U.S. Bank on both points.

## Discussion

The MMM Procedures and the language in the confirmed Plan explicitly require "surrender" of the Home. The Debtors and U.S. Bank have different interpretations of the meaning of "surrender." Therefore, to resolve this dispute, and to provide guidance to state courts in foreclosure cases that continue after "surrender," the Court finds it appropriate to opine on the meaning of "surrender" in subsequent non-bankruptcy litigation.

Bankruptcy Judge Williamson recently addressed the meaning of "surrender" in chapter 13 plans in *In re Metzler*, 2015 WL 2330131 (Bankr. M.D. Fla., May 13, 2015). In *Metzler,* the debtor was unable to confirm a plan that cured the arrearages under her mortgage with Wells Fargo. Her third amended plan, which was confirmed, provided for surrender of the property.

After confirmation, the debtor actively defended Wells Fargo's foreclosure action. Wells Fargo returned to the bankruptcy court and sought to revoke confirmation arguing that the debtor could not contest Wells Fargo's right to foreclose after she had "surrendered" the property. Like the Debtors in this case, the debtor in *Metzler* argued that surrender had no legal effect beyond granting stay relief to the lender. The court framed the issue as "whether actively opposing a state court foreclosure action is inconsistent with 'surrendering' property." 2015 WL 2330131 at *1.

The *Metzler* court noted that the term "surrender" is not defined in the Bankruptcy Code. However, citing to First and Fourth Circuit decisions, the court concluded that "surrendering" property "means not taking an overt act to prevent the secured creditor from foreclosing its interest in the secured property." *Id* at *2, (*citing In re White*, 487 F.3d 199, 205 (4th Cir. 2007) (surrender means the relinquishment of

5

all rights in property) and *In re Pratt*, 462 F.3d 14, 18-19 (1st Cir. 2006)).  *See also In re White*, 282 B.R. 418, 422 (Bankr. N.D. Ohio 2002) (Surrender functions as both the debtor's consent to stay relief and estoppel of the right to defend a foreclosure).

This Court's research did not reveal any published decisions in this district interpreting the meaning of "surrender" in chapter 13 plans.  However, Chief Judge Hyman, in *In re Failla*, 529 B.R. 786 (Bankr. S.D. Fla. 2014), interpreted the meaning of "surrender" in a chapter 7 debtors' statement of intentions filed under § 521(a)(2)(A) and reached the same conclusion as Judge Williamson in *Metzler*.  In *Failla*, after receiving their discharge and after their case was closed, the debtors continued to defend CitiBank's foreclosure case.  The court held that the debtors' defense of the foreclosure action did "not comport with the definition of 'surrender'" and therefore, "[t]he Debtors are not permitted to defend or oppose the foreclosure and/or sale of the Property...."  529 B.R. 786 at 793.[1]

---

[1] In *Failla*, the court also cited to a bench ruling by Judge Kimball, of this district, in which Judge Kimball concluded that surrender does not require a debtor to physically deliver property to a lien holder but "the debtor may not impede a creditor's efforts to the possession of its collateral by available means."  *In re Cheryl L. Trout*, Case No. 13-39869 at DE# 21, Tr. p. 13.

In short, the Court's MMM Procedures explicitly require "surrender" and "surrender" means that debtors cannot thereafter take any overt action to defend or impede the foreclosure. Therefore, it is –

**ORDERED** that the Motion to Modify Plan is denied without prejudice to the Debtors filing a renewed motion to modify seeking approval of a plan providing for surrender of the Home.

###

COPIES TO:

Patrick L. Cordero, Esq.
198 NW 37th Avenue
Miami, FL  33125
(Counsel for Debtors)

Shaina Druker, Esq.
RONALD R. WOLFE & ASSOCIATES, P.L.
P.O. Box 25018
Tampa, FL  33622-5018
(Counsel for Creditor, U.S. Bank)

Nancy K. Neidich, Trustee
P.O. Box 29806
Miramar, FL  33027